IN TH UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO

**DANIEL DURON,**

    **Plaintiff,**

v.                                                                                No. 24-cv-01004-GJF-JHR

**PILOT CORPORATION,**
**PILOT TRAVEL CENTERS, LLC, and**
**STORE MANAGER PILOT TRAVEL**
**CENTER NUMBER 163, LORDSBURG,**
**NEW MEXICO,**

    **Defendants.**

## MEMORANDUM OPINION AND ORDER DENYING PLAINTIFF'S MOTION TO EXTEND DEADLINES [DOC. 35].

THIS MATTER is before the Court on Plaintiff Daniel Duron's Opposed Motion to Extend Deadlines in the Current Scheduling Order [Doc. 35]. Defendant Pilot Travel Centers, LLC responded [Doc. 39] and Duron replied. [Doc. 44]. The parties consented to the undersigned presiding over this matter. [Doc. 8]. Having considered the briefing, record, and relevant law, the Court DENIES Duron's Motion to Extend.

### I.     BACKGROUND

The Court entered a scheduling order on November 18, 2024. [Doc. 17]. Under the scheduling order, Rule 26(a)(2) expert disclosures for Duron were due on January 12, 2025, and for Pilot on March 3, 2025. *Id.* at 2. Discovery terminated on April 4, 2025, with discovery motions due April 15, 2025, and pretrial motions due May 16, 2025. *Id.* On January 29, 2025, more than two weeks after his experts were due, Duron filed a joint motion to extend expert disclosure deadlines [Doc. 25]. The motion explained that Duron "did not have any expert reports to disclose" on the original deadline of January 17, 2025, but Pilot agreed to let him have until February 17,

2025, to provide expert reports. *Id.* at 1. Pilot in turn said it would need until April 14, 2025, to disclose its experts. *Id.*

The Court denied the joint motion to extend expert deadlines. [Doc. 26 text only]. The Court found Pilot's requested expert deadline of April 14, 2025, "untenable because the existing discovery deadline is April 4, 2025, ten days before the proposed defense expert disclosures." *Id.* The Court advised it would "consider stipulated extensions that recognize the constraints of the unaffected deadlines." *Id.* The Court held a telephonic status conference on February 5, 2025, to discuss these scheduling issues and options for resolution, but the parties could not come to an agreement on new deadlines. [Docs. 27, 32 text only]. Another status conference was held to discuss settlement conference dates, and the parties agreed to an in-person settlement conference on May 6, 2025. [Docs. 33, 37].

After agreeing to a settlement conference, Duron filed the instant opposed Motion to Extend Deadlines. [Doc. 35]. Pilot then filed its Motion to Exclude Plaintiff's Experts three days later, on February 17, 2025. [Doc. 36]. Two weeks later, Pilot filed a Notice Regarding Expert Witness Disclosure. [Doc. 40]. The notice stated that Duron's original January 17 expert witness disclosure did not include expert reports. *Id.* at 1. Pilot said that Duron "did not seek an extension of the deadline before serving his expert disclosures" but instead asked for more time based on difficulty obtaining medical records "only after Pilot objected to the absence of reports." *Id.* at 2. Duron served his expert reports on March 17, 2025. [Doc. 48].

Shortly before the settlement conference, Duron filed a motion to compel. [Doc. 59]. At the April 22, 2025, status conference, the parties agreed to vacate the settlement conference due to the pending motions. [Docs. 38, 62, 63, text only]. Both sides filed a series of dispositive motions thereafter. [Docs. 66, 67, 69, 70, 71, 72]. On June 6, 2025, presiding Judge Fouratt filed a

2

Memorandum Opinion and Order granting Pilot's Motion to Exclude Plaintiff's Experts [Doc. 36] and denying Duron's Motion for Extension of Time to Disclose Rebuttal Experts [Doc. 51] as moot. [Doc. 78]. The same day, Duron filed his responses to two of Pilot's partial motions for summary judgment. [Docs. 79, 80].

The Court only addresses Duron's pending Motion to Extend Deadlines [Doc. 35] in this Order.

## II.     LEGAL STANDARDS

Federal Rules of Civil Procedure 6 and 16 respectively provide parameters for extensions of a time period generally and scheduling orders specifically. Rule 6(b)(1) allows a court to extend time for good cause when an act "may or must be done within a specified time" and that time has not expired. Fed. R. Civ. P. 6(b)(1). Good cause generally is "not a particularly demanding requirement." *Stark-Romero v. Nat'l R.R. Passenger Co. (AMTRAK)*, 275 F.R.D. 544, 547 (D.N.M. 2011). If the operative time has expired, a court may still extend time "if the party failed to act because of excusable neglect." Fed. R. Civ. P. 6(b)(1)(B); *OptumCare Mgmt., LLC v. Gutierrez-Barela*, No. 20-cv-00474, 2023 WL 1787888, at *1 (D.N.M. Jan. 25, 2023). Finding excusable neglect requires a showing of both good faith and reasonable basis for not complying in the original time period. *OptumCare Mgmt.*, 2023 WL 1787888, at *1 (citing *Stark-Romero*, 275 F.R.D. at 547).

Courts consider several circumstances when deciding if a party's neglect is excusable: "(1) the danger of unfair prejudice to the opposing party; (2) the length of the delay caused by the neglect and its impact on the judicial proceedings; (3) the reason for the delay, and whether it was in the reasonable control of the moving party, and (4) the existence of good faith on the part of the moving party." *United States v. Torres*, 372 F.3d 1159, 1162 (10th Cir. 2004). Excusable neglect

3

does not cure inadvertence, ignorance, or mistakes regarding the rules. *Quigley v. Rosenthal*, 427 F.3d 1232, 1238 (10th Cir. 2005).

Rule 16(b) governs extension of scheduling order deadlines. Scheduling order modification requires good cause and the judge's consent. Fed. R. Civ. P. 16(b)(4); *Stark-Romero*, 275 F.R.D. at 548. "Properly construed, 'good cause' means that scheduling deadlines cannot be met despite a party's diligent efforts." *Id.* (internal citation omitted). Thus, Rule 16(b) focuses on the movant's diligence rather than its motives or any prejudice to the opposing party. *Cole v. Ruidoso Mun. Schs.*, 43 F.3d 1373, 1386 (10th Cir. 1994). Both Rule 6 and Rule 16 extensions fall within the trial court's broad discretion. *OptumCare Mgmt.*, 2023 WL 1787888, at *1.

### III.  ANALYSIS

Duron's motion to extend fails to proffer good cause for his requested extension under either Rule 6 or Rule 16. Because Duron filed the motion after his deadline for expert disclosures, Rule 6(b) required him to show that excusable neglect justified his untimely filing. However, the motion fails to give any indicia of good faith or a reasonable basis for not complying with the expert disclosure deadlines within the original time period. It simply recites the existing scheduling order deadlines, the new proposed deadlines, and opposing counsel's opposition. [Doc. 35]. Duron includes no information from which the Court could infer good cause or a reasonable basis for non-compliance. Because Duron fails to mention excusable neglect, the Court will not consider the factors used to decide if the neglect is indeed excusable. The motion is similarly devoid of any mention of Duron's diligence in pursing the original deadline as required for good cause under Rule 16(b). Duron provides no explanation for the delay—much less an adequate one—to assure the Court he was diligent in trying to secure experts.

4

Pilot's response preemptively addresses the good cause and excusable neglect standards Duron failed to brief. *See* [Doc. 45]. Pilot anticipates Duron's excuses of difficulty obtaining medical records and argues the "lack of diligent effort by [Duron] to meet the scheduling deadlines is obvious" and defeats extension. *Id.* at 2–4. Duron's reply tries to cure the motion's oversight by reciting the standards and supplying the reasoning Pilot predicted. *See id.* Duron cites the Rules and case law purporting to state that medical record delays satisfy the good cause and diligence standards. *Id.* at 2–4. Yet he offers no insight into why his initial motion did not include this information.

The Court finds that Duron's failure to raise any substantive argument in his primary motion is fatal to the relief he requests. This circuit and district have consistently held that arguments raised for the first time in a party's reply are untimely and subject to waiver. *Hatten-Gonzales v. Scrase*, No. 88-cv-0385, 2023 WL 4976179, at *1 (D.N.M. Aug. 3, 2023) (collecting cases); *United States v. Beckstead*, 500 F.3d 1154, 1163 (10th Cir. 2007); *United States v. Leffler*, 942 F.3d 1192, 1197–98 (10th Cir. 2019). This rule reflects the federal and local rules' emphasis on notice to the court and parties of a motion's particular grounds and relief sought. *See* D.N.M.LR-Civ. 7.1; Fed. R. Civ P. 7(b)(1)(B). Lack of notice robs the Court and opposing counsel of a fair opportunity to assess the merits of the motion. *See, e.g.*, *Calderon v. Kansas Dep't of Soc. & Rehab. Servs.*, 181 F.3d 1180, 1186 (10th Cir. 1999) (internal citation omitted) ("[R]ule 7(b)(1) advances the policies of reducing prejudice to either party and assuring that 'the court can comprehend the basis of the motion and deal with it fairly.'"); *Beach v. City of Olathe*, No. 99-cv-02210, 2000 WL 960808, at *12 (D. Kan. July 6, 2000) ("[F]ailure to comply with Rule 7(b)(1) has deprived the City of the opportunity to prepare and present a meaningful response.").

Duron cites no cases excepting him from compliance with the rules. The cases he cites in reply to advance reasons for good cause arrive too late to salvage his pleading errors. The Court will not discount abundant precedent to resuscitate Duron's insufficient motion. The Court therefore finds waiver of the novel arguments in his reply.

This ruling also comports with Judge Fouratt's exclusion of Duron's expert witnesses. [Doc. 78]. He found Duron's "deficient disclosure of his treating providers and his late disclosure of his retained experts' reports were neither substantially justified nor harmless." *Id.* at 10. His order critiqued that Duron "offers the same broad and imprecise description of expected testimony for each non-retained medical provider" and "most notably, [Duron] does not disclose the name of any medical *provider* . . . referring instead to nine different medical *facilities*." *Id.* at 11 (emphases in original). Consequently, Judge Fouratt prohibited Duron's treating providers from offering expert testimony. *Id.* After considering the applicable factor test, he also excluded Duron's retained experts for their "deficient and untimely disclosure" with the appropriate mitigating circumstances. *Id.* Therefore, he reasoned, "the Court could not in good conscience excuse the multiple violations." *Id.* at 16. Similarly, the Court cannot excuse Duron's wholesale failure to brief the issues upon which the entire extension analysis depends for the instant motion to exclude.

## IV.   CONCLUSION

**IT IS THEREFORE ORDERED** that Duron's Opposed Motion to Extend Deadlines [Doc. 35] is hereby **DENIED**.

**IT IS SO ORDERED.**

_____
Hon. Jerry H. Ritter
United States Magistrate Judge

6